**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| Brian Wilson, #319443 ) | Civil Action No.: 2:11-2672-MGL |
| Petitioner, ) | |
| ) | |
| v. ) | |
| ) | **OPINION AND ORDER** |
| Leroy Cartledge, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

On September 28, 2011, Petitioner Brian Wilson, an inmate in the South Carolina Department of Corrections, filed the within petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging that he is being confined unlawfully. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Bruce Howe Hendricks for pretrial handling and a Report and Recommendation. The Magistrate Judge issued a Report and Recommendation on May 21, 2012 ("Report"). (ECF No. 19.)

**BACKGROUND AND PROCEDURAL HISTORY**

The Report sets forth in detail the relevant facts and standards of law on this matter, and the Court incorporates them and summarizes below in relevant part. Petitioner was indicted by the Spartanburg County Grand Jury for murder in October of 2006. (*See* ECF No. 10-1 at 95 of 96.) He pled guilty to murder on January 8, 2007 and was represented by Thomas Boggs. Petitioner was sentenced to a period of confinement of forty years. (*Id.* at 43.) Petitioner did not appeal his conviction. On August 13, 2007, he filed an Application for Post-Conviction Relief ("PCF"). (*See* ECF No. 10-2.) The PCR Court denied Petitioner's application for post conviction relief on May 30, 2008. Thereafter, on March

12, 2010, Robert M. Pachak of the South Carolina Commission on Indigent Defense, filed a *Johnson* petition for writ of certiorari on behalf of Petitioner.[1]  The South Carolina Supreme Court denied this petition on June 24, 2011.  (ECF No. 10-11.)   Thereafter on January 26, 2010, Petitioner filed a second PCR application.  And, on May 27, 2012, Petitioner filed a third PCR application.  Petitioner's second and third PCR applications were merged on November 9, 2010.  (ECF Nos. 10-15 & 10-16.)  The Court dismissed Petitioner's combined PCR application as untimely and as successive on August 26, 2011.  Thereafter, Petitioner filed the instant habeas petition asserting the following grounds for relief:

> **Ground One:** Counsel was ineffective for advising defendant of his charge being reduced from murder to manslaughter.
>
> **Ground Two:** Whether Petitioner's guilty plea was entered intelligently and voluntarily?
>
> **Ground Three:** Whether the mischaracterization of Grand Jury Impanelment documents denied me my "full bite of the apple" on claim of Grand Jury Impanelment Documents?
>
> **Ground Four:** Whether a new PCR hearing is required where PCR court did not give findings of fact and conclusion of law on issue of entitlement to papers and effect involving Grand Jury?
>
> (ECF No.1.)

Respondent Leroy Cartledge ("Respondent") filed a Return and a Motion for Summary Judgment on December 9, 2011. (ECF Nos. 10 & 11.)  By order filed December 14, 2011, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), Petitioner was advised of the summary judgment procedure and the possible consequences if he failed to respond

---

[1] *Johnson v. State*, 294 S.C. 310, 364 S.E.2d 201 (1988).

adequately. Petitioner filed a response in opposition to Respondent's motion on January 24, 2012. (ECF No. 17.)

The Magistrate Judge recommends that Respondent's Motion for Summary Judgment be granted in full. (ECF No. 19.)

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a *de novo* determination of any portions of the Report and Recommendation to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

## Pro Se Petitions

Pro se complaints and petitions should be construed liberally by this court. Such pro se complaints and petitions are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978), *cert. denied*, 439 U.S. 970, 99 S.Ct. 464, 58 L.Ed.2d 431 (1978). A federal district court is charged with liberally construing a complaint or petition filed by a pro se litigant to allow the development of a potentially meritorious case. *Hughes v. Rowe,* 449 U.S. 5, 9, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980). Liberal construction, however, does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim cognizable in a federal district court. *Weller v. Dep't of Soc. Serv.*, 901 F.2d 387, 390-91 (4th Cir.1990).

## DISCUSSION

Under Ground One, the Magistrate Judge fully considered Petitioner's claims of ineffective assistance of counsel in accordance with *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) and determined that Petitioner failed to establish that he was prejudiced by his counsel's allegedly deficient performance.  In other words, Petitioner has failed to show that there was a reasonable probability that he would not have pled guilty but for counsel's alleged deficient performance.  With respect to Ground Two, the Magistrate Judge ultimately determined that Petitioner's claim was procedurally barred because the PCR court did not rule on them and Petitioner did not file a Rule 59(e) motion.  The Magistrate Judge also found that even if this claim were not procedurally barred, Petitioner was not entitled to relief because there was no evidence in the record that Petitioner's plea was involuntary.  With respect to Grounds Three and Four, the Magistrate Judge determined that these claims failed to state a claim upon which federal habeas relief can be granted because alleged infirmities in a state post-conviction action are not matters that may be addressed in federal habeas actions. (ECF No. 19 at 20.)

On June 12, Petitioner filed timely objections to the Report.  (ECF No. 22.) The Court notes that Petitioner has failed to make any specific objections to the Report as required by 28 U.S.C. § 636(b)(1).  Plaintiff's objections merely reargue and restate the issues that were set forth in his petition.  Therefore, the objections lack specificity to trigger de novo review and will not be addressed. *See Smith v. City of N. Charleston*, 401 F.

Supp.2d 530 (D.S.C. 2005.) The issues and purported objections were correctly addressed by the Magistrate Judge.

## CONCLUSION

Th Court has reviewed the Magistrate Judge's Report and is satisfied that the Magistrate Judge rightly determined that Petitioner has no claim for relief under § 2254. The Court finds Petitioner's objections to be without merit. For the reasons set forth more fully in the thorough Report of the Magistrate Judge, Respondent's Motion for Summary Judgment is **GRANTED** and the Petition for Habeas Corpus relief is **DISMISSED.**

## Certificate Of Appealability

The governing law provides that:

(c) (2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c) (3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller–El v. Cockrell*, 537 U.S. 322, 336, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003); *Slack v.*

*McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir.2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is denied.

**IT IS SO ORDERED.**

<u>/s/Mary G. Lewis</u>
United States District Judge

December 14, 2012
Spartanburg, South Carolina